DANIEL J. McCARTHY, Appellant, *v.* THE MAYOR, ALDERMEN
AND COMMONALTY OF THE CITY OF NEW YORK, Respondent.

An employer is not made liable under and by the " Eight Hour Law ' (Chap.
385, Laws of 1870), to an employe hired by the day, for labor beyond the
statutory time, unless it was provided for in the contract of employment.

*It seems,* that a contract to pay for such labor may be implied from circum-
stances. Such an implication, however, arises only under circumstances
authorizing an expectation of compensation, or the inference that the
services would not otherwise have been rendered.

The intent of the act was to place the control of the hours of labor within
the discretion of the employe, giving him the privilege, at his option, to
refuse to work beyond the eight hours, or to secure extra compensation
for extra work by stipulation in the contract of employment. In the ab-
sence of any such stipulation the language of the act repels any inference
of an intent to confer a right upon an employe to charge for more than
one day's labor for services rendered in any calendar day ; and for such
services he may not demand any extra compensation.

Plaintiff entered into defendant's employ as a scowman in the department
of docks at an agreed price per day, with knowledge that the custom of
the department and the nature of the services required ten hours work each
day. He continued in such employment two years, laboring ten hours,
each working day and sometimes more ; he received his wages at the
agreed price at regular periods without objection or claim for extra com-
pensation, giving receipts purporting to be in full up to date. In an action
to recover compensation for the extra work over eight hours per calendar

day, *held,* the circumstance justified a finding that the extra services were rendered without any expectation or understanding, express or implied, that extra compensation was to be paid therefor, and that plaintiff was not entitled to recover.

(Argued April 16, 1884 ; decided April 29, 1884.)

APPEAL from judgment of the General Term of the Supreme Court, in favor of defendant, in the first judicial department, entered upon an order made April 10, 1882, which overruled plaintiff's exceptions and directed judgment on a verdict.

This action was brought to recover for work, labor and services alleged to have been rendered by the plaintiff for the defendant.

The plaintiff was employed by the superintendent of the department of docks as a scowman at $2.50 per day for his services. He continued in such employment from June 27, 1874, to March 4, 1876. Periodically and at the end of every two weeks during that time he received payment for his services at the rate of $2.50 per day. At the time of receiving each payment, the plaintiff signed a pay-roll containing a receipt in full. In 1879, three years after the plaintiff ceased to work for the defendant, he made a demand upon the comptroller for payment for extra work sought to be recovered in this action. The plaintiff testified that during the whole period of his employment he worked ten hours per day, and he now seeks to recover for two hours extra work rendered upon each day, and also one hundred and forty-one hours in addition. The plaintiff also testified that three or four days after the first pay day he mentioned the matter of extra time to his foreman, who replied to the effect that if he was entitled to it he ought to receive it ; but he never spoke to the superintendent or any other officer on the subject, and never found any fault with the time returned for him, and never asked to have any over time returned.

The plaintiff's counsel asked the court to direct a verdict for the plaintiff for the amount claimed. The motion was denied, and the plaintiff excepted. The defendant's counsel then asked

the court to direct a verdict for the defendant. The court granted the motion, and directed such a verdict, to which direction plaintiff excepted.

*Denis A. Spellissy* for appellant. Overwork by plaintiff was intended to be regulated as to pay, in the absence of express contract, by its reasonable value. (Laws 1870, chap. 385 ; 1 Pars. on Cont. 538, 541.) A receipt in full is not evidence of release unless under seal, and receiptor is not concluded thereby from recovery, though the receipt was given with knowledge and there was neither fraud nor error. (*Ryan* v. *Ward*, 48 N. Y. 204.) Demand for claims against the city must be made by presentation of the same to the comptroller. (Laws of 1873, chap. 335, § 105.) Delay of plaintiff's demand in this case cannot, therefore, be used to rebut the presumption or upset the conclusion that he performed the extra services in the expectation of getting paid for them. (*Strong* v. *Wheaton*, 38 Barb. 622.) Whether plaintiff's work of a day was to be considered a day's work should, under the circumstances of the case, have been left to the jury. (*Brooks* v. *Cotton*, 48 N. H. 50 ; *Mallach* v. *Ridley*, Daily Reg. [N. Y.], August 25, 1883 ; 37 Hun, 384.) It is competent to refer to the circumstances under which, and to the purpose for which, the Eight Hour Act was passed, to ascertain the intention of the legislature. (*Jerome Park Co.* v. *B'd of Police of N. Y.*, 11 Abb. N. C. 342.) The verdict should be set aside and a judgment directed for plaintiff. (*Hall* v. *Hall*, 20 Hun, 306 ; 81 N. Y. 139.)

*D. J. Dean* for respondent. The situation and conduct of the plaintiff and defendant render it manifest that additional payment was not intended by either party. (*Maltby* v. *Harwood*, 12 Barb. 473, 476 ; *Griffin* v. *Potter*, 14 Wend. 209 ; *Livingston* v. *Ackeston*, 5 Cow. 531 ; *Williams* v. *Hutchinson*, 3 N. Y. 312 ; *Williams* v. *Finch*, 2 Barb. 208 ; *Moore* v. *Moore*, 21 How. 211, 222, 223; *Ross* v. *Ross*, 6 Hun, 185 ; *Drew* v. *Mayor, etc.*, 8 id. 445.) The continuance of the plaintiff in service after he was informed, by the settle-

ment of his first pay-roll, that he would be paid only $2.50 for all service rendered on each calendar day is, by implication, a contract on his part to render his service for such wages. (*U. S.* v. *Martin*, 4 Otto, 403 ; *Luske* v. *Hotchkiss*, 37 Conn. 219 ; *Brooks* v. *Cotton*, 48 N. H. 50 ; *Averill* v. *U. S.*, 14 Ct. of Claims Rep. 204, 208.) The receipts in full given by plaintiff on the occasion of each monthly settlement had with him are *prima facie* evidence of whatever they purport to declare. (*Tobey* v. *Barber*, 5 Johns. 67 ; *Kellogg* v. *Richards*, 14 Wend. 116 ; *Ryan* v. *Ward*, 48 N. Y. 204, 207 ; *Rollins* v. *Dyer*, 16 Me. 475 ; *Marston* v. *Wilcox*, 2 Ill. 270 ; *Giddings* v. *Munson*, 4 Vern. 308 ; *Green* v. *R. I. M. Co.*, 1 T. & C. 5 ; *McDaniels* v. *Lapham*, 21 Vt. 222 ; *Maltby* v. *Harwood*, 12 Barb. 473 ; *Livingston* v. *Ackeston*, 5 Cow. 531 ; *DeMyer* v. *Souzer*, 6 Wend. 436 ; *Drew* v. *Mayor, etc.*, 8 Hun, 455 ; *Vedder* v. *Vedder*, 1 Denio, 457.) No contract made in such a form as would bind the defendant is proven. (*Bonesteel* v. *Mayor, etc.*, 22 N. Y. 162, 170 ; *Ellis* v. *Mayor, etc.*, 1 Daly, 102 ; *Hodges* v. *Buffalo*, 2 Denio, 112 ; *Donovan* v. *Mayor, etc.*, 33 N. Y. 291 ; *McDonald* v. *Mayor, etc.*, 68 id. 23 ; Charter of 1873, § 92, p. 509 ; *O'Connor* v. *Mayor, etc.*, 11 Hun, 176 ; *McDonald* v. *Mayor, etc.*, 68 N. Y. 23.)

Ruger, Ch. J.   We quite concur in the views expressed by the learned judge writing the opinion of the court below, and could perhaps well rest the decision of the case upon the consideration there given to it were it not that the novelty of the provisions contained in the so-called " eight hour statute," and the large number of persons interested in their construction, render it proper that we should also express our views with reference to their legal effect.   The section under which the claim in this case is made reads as follows : " On and after the passage of this act, eight hours shall constitute a day's work for all classes of mechanics, workingmen and laborers, excepting those engaged in farm and domestic labor, *but overwork for extra compensation by agreement between employer and employe is hereby admitted.*" (§ 1, chap. 385, Laws of

1870.)  The second section makes the law applicable to persons in the employ of municipal corporations, and undoubtedly brings the appellant within the benefits intended to be conferred by the act.

It is well to premise that this act was not intended to affect or regulate the rate of wages which should govern as between employer and employe.  That subject is left by the act, as it must always remain, open to be fixed by the agreement of the parties intending to enter into those relations.  Experience has shown that legislation on the subject must always be futile and ineffectual, for the reason that it is controlled by the natural laws determining the value of labor and property, and which are as much beyond the power of statutes to affect as they are above the control of the wishes of the parties interested therein.

Legislation which tends to reduce the hours of labor to be rendered in a calendar day will, by the operation of a silent but inevitable law, also reduce correspondingly the rate of the *per diem* compensation to be paid for such labor, and will thus always maintain the same relation between the services rendered and the price paid which existed previous to the enactment of such statutes.  Any attempt to affect artificially the rate of compensation for labor, whether it be sought in the halls of legislation or in the forum of judicial tribunals, must necessarily lead to the same result, and produce either a cessation of employment by reason of its unprofitableness, or an adaptation of the price paid to the actual market value of the services rendered.

It seems to us, therefore, quite obvious that the legislature did not attempt by the statute in question to interfere with the question of the rate of compensation to be paid for labor, but left it in terms to the agreement of the parties.  It was one of the avowed objects of the act in question, by establishing a limitation upon the hours of labor, and referring the control of their time, beyond those hours, to the persons employed, to confer a benefit upon the classes protected, and afford them in the employment of their leisure time an opportunity

for physical and intellectual improvement which they had not previously enjoyed; but it did not make labor beyond the statutory time, if performed with their consent, illegal, or require compensation to be made therefor unless it was provided for in the contract of employment. It was no part of the design of the act, and indeed it would be contrary to its avowed object and intent to so construe it as to authorize two statutory days' labor to be crowded into one calendar day, or to give the price of two for one calendar day's labor, as that would operate to the manifest social detriment of the classes intended to be benefited. Any construction which should hold out to the laborer extraordinary inducements to prolong his hours of labor and to shorten those of rest and recreation would directly conflict with the spirit and meaning of this legislation and the benefits intended to be furnished by it. Its plain and obvious intent was to place the control of the hours of labor within the discretion of the employe and give him the privilege at his option of declining to work beyond the time fixed by the statute, or if he did so work, to authorize him to secure extra compensation for extra work by stipulating for it, in the contract of employment. In the absence of any special provision in such a contract, as to the number of hours constituting a day's labor, the act would be held to apply and fix them at eight hours.

·Under a contract which does not specify the hours of labor, the employe named therein is lawfully entitled to refuse to labor beyond the statutory time in any calendar day of his employment; but he may lawfully contract to labor beyond that period and stipulate for extra compensation for the labor rendered in excess of that time.

The language of the act does not authorize any inference that it was intended to confer the right upon persons employed, to charge for more than one day's labor for the services rendered in any calendar day; but on the contrary such an inference is plainly repelled by the express provision authorizing extra compensation for over work when the agreement provides for it.

By settled rules of construction this provision must be held

to mean that neither extra labor can be required, nor extra compensation demanded, except in the case of an agreement therefor previously made by the parties.

So when the exigencies of his employment, or the requirements of his employer, call upon the laborer for a greater number of hours of labor than those specified in the statute, it is optional with him, either to refuse to perform them, or to insist, as the condition of their performance, upon the payment of extra compensation for the extra work ; but in the absence of such an agreement, the provisions of the act do not authorize a demand for the extra compensation.

There is, of course, no foundation in this case for a claim that any such agreement has been made, and, in fact, none is put forward by the appellant.

If it should be held under this statute, as it doubtless may, that such an agreement might be implied from circumstances, those existing in this case do not tend to raise such an implication, but on the contrary, quite conclusively tend to repel it.

It seems quite clear that it could not have been within the contemplation of either of the parties to this contract that the labor rendered by the plaintiff in each calendar day, beyond the time fixed by the statute, was to be paid for by an extra *per diem* compensation. The plaintiff entered into the employment with a knowledge and understanding of the custom of the department of public works requiring ten hours labor in each calendar day's employment, and that his services as a scowman were to be rendered mainly upon the water, which made the duration of the hours of labor necessarily depend, to a certain extent, upon the action of the wind and tide, causes which would often prolong those hours beyond the control of either party to the contract.

A practical and apparently insuperable obstacle is thus presented to the termination of the hours of labor at any fixed and arbitrary period.

In the absence of evidence to the contrary, it must be presumed that the plaintiff entered into the contract with knowledge of the established usages of the employment, and the

exigencies of the services in which he engaged, and that the contract price was intended to be graduated to compensate him for the excess of time which those usages and exigencies might require him to render in excess of the hours specified by the statute.   It is quite obvious that this was his understanding of the contract as appears by his subsequent conduct.   During the whole period of two years' employment he applied for his wages at regular periods of two weeks, and was paid at each of such periods at the rate of $2.50 per calendar day without objection on his part or claim for extra compensation.   At each of these semi-weekly periods he executed receipts to the department of public works, purporting to be in full for his wages up to the date of the receipt.   No claim was made by him for extra wages until about three years after the date of the last payment, and no adequate reason is rendered for this delay in the presentation of the claim now urged.

Under these circumstances the court below have found that the extra services in question were not rendered by the plaintiff or received by the defendant with the expectation or understanding on the part of either party that they were to be paid for by extra compensation; and that no promise for their payment can be implied from the circumstances.   We think this finding was justified by the evidence and cannot be disturbed.

The general rule by which a promise to pay for services is implied from the circumstances of the case does not afford any assistance to the appellant in this case.

Such an implication arises only when the services are rendered under circumstances authorizing an expectation of compensation therefor, or the inference that they would not otherwise have been rendered. (*Livingston* v. *Ackeston*, 5 Cow. 531; *Williams* v. *Hutchinson*, 3 N. Y. 312; *Griffin* v. *Potter*, 14 Wend. 209.)

The distinction between an express and an implied contract is that the first is proved by an actual agreement and the other by circumstances and the course of dealing between the parties. (Hilliard on Cont. [1st ed.] 54; Addison on Cont. 22.)

The course of dealing between these parties shows conclusively

that the whole compensation intended to be paid for the services in question was actually paid at regular intervals of two weeks each.

The particular question arising under a statute limiting the number of hours constituting a day's work, when a laborer has served more than the number of statutory hours has frequently been the subject of investigation in the tribunals of the United and neighboring States, and the result, under statutes more favorable to the claims of the laborer than those of this State, has uniformly been against the implication of a promise for the payment of such labor. (*U. S.* v. *Martin,* 4 Otto, 403 ; *Luske* v. *Hotchkiss,* 37 Conn. 219 ; *Brooks* v. *Cotton,* 48 N. H. 50.) In *U. S.* v. *Martin,* under the act of Congress of June 25, 1868, being section 3738 of the Revised Statutes, which provided that " eight hours shall constitute a day's work for all laborers, workmen and mechanics now employed, or who may hereafter be employed, by or on behalf of the Government of the United States," it was held that this law did not make a contract between the government and its laborers by which eight hours constituted a day's work, and that it did not prevent the government from making agreements with them by which their labor might be more or less than eight hours a day, nor does it prescribe the amount of compensation for that or any other number of hours' labor. In *Brooks* v. *Cotton,* it was held, under a statute which provided " that in all contracts for or relating to labor, ten hours of actual labor shall be taken to be a day's work unless otherwise agreed by the parties ;" that if work is done through the season at a certain agreed price per day, and the work done from time to time in a day is done and accepted without objection as a day's work, an agreement may be implied that the work done in a day, whether on an average more or less than ten hours, shall be reckoned and paid for as a day's work. It will be observed in this case that the work had not been paid for, and that circumstance did not, therefore, furnish any evidence upon the question. Under the statute of Connecticut of 1866, which provided that " eight hours work done and performed in any

one day shall be deemed a lawful day's work unless otherwise agreed by the parties," it was held in *Luske* v. *Hotchkiss*, that the only effect of the statute is to release the laborer from work and entitle him to his day's wages at the end of eight hours, and that if he works more than eight hours a day, unless by special request or agreement, he cannot claim additional compensation for such additional work.

These authorities seem quite decisive of the question presented by this appeal. We think that there was no evidence in the case from which a jury would have been authorized to imply a contract upon the part of the defendant to pay for the labor claimed, and that, therefore, the court below were justified in deciding the question as they did.

The judgment should be affirmed.

All concur.

Judgment affirmed.