## McMAHON v. MAYOR, ETC., OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 19, 1897.)

1. MUNICIPAL CORPORATIONS—COMPENSATION OF EMPLOYES.

Laws 1870, c. 385, amended by Laws 1894, c. 622, § 2, providing that all mechanics, etc., employed by the state or any municipal corporation, shall receive not less than the prevailing rate of wages in their respective callings, confers a complete right to full pay at the rate prevailing, not merely in a given public department, but in the market.

2. PAYMENT—WHAT CONSTITUTES.

Where an employé of a city, entitled by statute to "prevailing wages," is employed for a smaller sum, the fact that for a time he signs weekly receipts for the agreed amounts, in ignorance of the fact that they purport to be receipts in full, and with no intention of waiving his statutory right, does not debar him from subsequently enforcing his claim.

Appeal from trial term, New York county.

Action by John V. McMahon against the mayor, aldermen, etc., of the city of New York. Plaintiff had judgment, from which, and from an order denying a new trial on the minutes, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Robert Shaw Barlow, for appellant.
Kugelman & Cohn, for respondent.

BARRETT, J. The plaintiff was employed as a mason and bricklayer in the department of public parks for the greater part of the period between May 10, 1894, and April 13, 1895, being paid at the rate of $3.50 a day. He has recovered in this action a sum equal to an additional amount of 50 cents for each day of work. His ·right thereto is based upon chapter 385 of the Laws of 1870, as amended by chapter 622 of the Laws of 1894, which provides (section 2) that all mechanics, workingmen, and laborers employed by the state or any municipal corporation "shall receive not less than the prevailing rate of wages in the respective trades or callings in which such mechanics, workingmen and laborers are employed in said locality." Sufficient proof was given that the prevailing rate of wages for those in plaintiff's calling was $4 a day during the whole period of his employment. In view of this evidence, the statute conferred upon plaintiff a right to this sum. Where a statute fixes the amount of compensation to be paid a public employé, his right thereto is absolute, and cannot be taken away by any public officer. Kehn v. State, 93 N. Y. 291. Plaintiff was as much entitled to receive $4 a day as though that sum had been specified in the statute. The same principle applies whether the amount of the compensation

is fixed in figures or by reference to an extrinsic fact. The statute imposed upon the defendant's officers the duty of making inquiry as to the prevailing rate of wages, and paying plaintiff accordingly.

It is contended that the plaintiff was not entitled to recover because he failed to prove that the rate of wages for masons and bricklayers in the park department had been fixed by the proper official at $4 a day for the period involved in this action. The answer to this is that the statute contemplates the prevailing rate of wages in the market generally, not in the particular department. Any other construction would nullify the law, for the officials in each department could thus make their own prevailing rate of wages and in fact pay what they pleased.

It is also contended that the employé's remedy for violation of the statute is the punishment of the official. This contention is equally untenable. It is based principally upon section 3 of the act, which makes any officer violating its provisions liable to suspension or removal. The argument is that, if a complete right of action were conferred upon the laborer by the statute itself, this provision would be unnecessary for his protection, and would not have been inserted. We see no force in this argument. If the official makes the proper agreement with the laborer, and pays him the proper amount, the latter gets what is due him without trouble or delay. Otherwise he is made to wait for money to which he is entitled, and which may be immediately essential for the support of himself and his family. It was to stop throwing the ordinary burdens and delays of litigation upon poor people, such as these laborers are apt to be, that the provision for the punishment of delinquent officials was probably inserted. Such burdens and delays certainly furnish ample reason for its insertion. At all events the appearance in the act of such a clause furnishes no support for the defendant's contention. A complete right to full pay at the rate of wages prevailing in the market is clearly conferred by the statute, and the penal provision was intended as an additional guaranty to the persons sought to be protected. The present case differs entirely from McCarthy v. Mayor, etc., of New York, 96 N. Y. 1, where the original act of 1870 was under consideration. That act did not fix or direct compensation for the work for which the plaintiff there sought to recover, and this fact was the basis of the decision.

It is also contended that plaintiff's recovery is barred by the fact that he signed a receipt in full at the time he was paid $3.50 at the end of each week, and accepted that amount as his compensation, without protest. It appears, however, without dispute, that the plaintiff's attention was never called to the words "in full payment for services rendered by me," which were embodied in the general receipt at the head of the pay roll; that he simply accepted what was handed to him each week, and thereupon signed a pay roll, but never knew its contents. No point was made upon this head in the court below, doubtless because of the fact to which we have just referred. The case was submitted to the jury, without a word as to this receipt, solely upon the question as to what in fact was the prevailing rate of wages. The defendant cannot, therefore,

now raise the question.    There was no dispute as to the amount actually paid to the plaintiff.    He received $3.50 per day, and he receipted for that sum.    That was what he intended to acknowledge, and all he intended, when he signed the pay roll.    He did not receive this $3.50 per day in full payment for the services rendered by him, because the law guarantied to him $4 per day for those services, and the greater sum would not be paid in full by the lesser sum. And, further, the plaintiff never intended to waive his statutory right or to release the defendant from its legal obligation to pay him the prevailing rate of wages.    He receipted for what it had agreed to pay him, not for what it was bound to pay him.    The defendant's counsel undoubtedly acquiesced in this view, as already suggested, since by no motion, request, or suggestion did he raise the point below, or ask any ruling from the court, or verdict from the jury, thereon.

The judgment and order appealed from were right, and should be affirmed, with costs.    All concur.