(60 App. Div. 250.)

## McNULTY v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. April 29, 1901.)

1. MASTER AND SERVANT—MUNICIPAL CORPORATIONS—LEGAL DAY'S WORK—STREET-CLEANING DEPARTMENT.

Laws 1870, c. 385, § 1, establishing eight hours as a legal days' work, and section 2, providing that the act shall apply to all mechanics, workingmen, and laborers now or hereafter employed by any municipal corporation applies to drivers in the street-cleaning department of New York City.

2. SAME—DRIVERS—LABORERS OR WORKINGMEN.

Drivers in the street-cleaning department of New York City are "workingmen or laborers," within Laws 1870, c. 385, establishing eight hours as a legal day's work.

3. SAME—OVERTIME—EXPECTATION OF COMPENSATION—EVIDENCE.

Where over 300 drivers in the street-cleaning department testified that they expected and were told that they would receive pay for work done overtime, and the then heads of such department testified that they deemed it necessary to work such drivers overtime each day, and that the drivers were entitled to pay for such overtime, and were not paid because of lack of appropriation, the evidence sustained a referee's finding that such services were rendered under circumstances authorizing an expectation of compensation for overtime, rendering the city liable for such services, notwithstanding payment therefor was not expressly provided in the contract of employment.

Van Brunt, P. J., and Rumsey, J., dissenting.

Appeal from judgment on report of referee.

Action by Patrick J. McNulty against the city of New York. From a judgment for plaintiff, defendant appeals. Affirmed.

The plaintiff, as assignee of some 797 drivers in the street-cleaning department, sues to recover the sum of $1,336,000 for extra work performed by them in working more than eight hours per day between January 1, 1892, and April 26, 1894. On the hearing before the referee about one-half of the drivers were called as witnesses, and, in substance, testified that between the dates named they had performed, over and above the eight hours which

they regarded as a day's work, many additional hours of work as drivers, pursuant to instructions received from their superiors; that the orders which each received was that he should remain out until the route assigned him had been cleaned up,—that is, the refuse removed; and that each expected to be paid for said services as for overtime, and was told he would receive it. To avoid the necessity of calling all the drivers, a stipulation was made by counsel for the respective parties wherein, "in consideration of the plaintiffs agreeing to accept * * * four hours a day for the remaining assignors, the defendant also stipulates to admit that the evidence already in would warrant the referee in finding those men worked six hours for each day; the records of the street-cleaning department showing that such men did work over and above eight hours a day, and that neither of them have ever been paid for such work or overtime." The commissioners who were the heads of the department when the services are claimed to have been rendered were called, and, in substance, testified that during their tenure of office they deemed it necessary and essential, for the proper administration of the department, to work the drivers overtime each day; that is, over the statutory time of eight hours. One of the commissioners stated: "The performance of the work was necessary in order to keep the streets in proper condition, and that continued during all the period of my commissionership. The route traveled over by each of the drivers could not have been cleaned within the statutory period of eight hours a day during that period with the force I then had at my command. * * * The drivers were entitled to be paid for such extra work or overtime," and the reason they were not paid was "because of lack of appropriation." Upon such testimony, the referee found that the amount of overtime stated was necessary to be done in order to perform the work required by the department, and was deemed by the commissioners to be necessary, and was ordered by them to be done, and the doing of it created a liability against the city, as proved in this case, of $203,399. Judgment was directed for this amount, and from such judgment this appeal is taken.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, PATTERSON, and O'BRIEN, JJ.

Theodore Connoly, for appellant.
William J. Walsh, for respondent.

O'BRIEN, J. The labor law of 1870 (chapter 385, Laws 1870) provides as follows:

"Section 1. On and after the passage of this act, eight hours shall constitute a legal day's work for all classes of mechanics, workingmen and laborers, excepting those engaged in farm and domestic labor; but overwork for an extra compensation by agreement between employer and employee, is hereby permitted.

"Sec. 2. This act shall apply to all mechanics, workingmen and laborers now or hereafter employed by the state or any municipal corporation."

In chapter 415 of the Laws of 1892 it is provided:

"Whenever he shall deem it necessary, the said commissioner may require any driver to work overtime in which event such driver shall be entitled to receive extra and additional compensation at the rate of twenty-five cents per hour of such over time."

The appellant's contention that the labor law has no application to the street-cleaning department is untenable, for the reason that the act itself is a general one, and by its express terms is made applicable to those who at that time or thereafter should be employed by the state or by a municipal corporation. And equally untenable is the further contention that drivers in the street-cleaning department are not mechanics, workingmen, or laborers; for no

extended argument is required to prove that a driver is either a workingman or a laborer, within the wording of the statute.

Coming, therefore, to the facts presented herein, we think, upon the testimony adduced, and the stipulation of the defendant, that there can be no serious question but that the conclusions reached by the learned referee are sustained,—that the assignors of the plaintiff worked the number of hours overtime, that this was done by the direction of the head of the department, and that the drivers expected to be paid for such overtime. It is insisted, however, that, though these facts be conceded, the city is not liable for labor beyond the statutory time, because payment therefor was not expressly provided in the contract of employment. But this contention has been disposed of in McCarthy v. Mayor, etc., 96 N. Y. 1, where the labor law was discussed, and where, after showing that the city would be liable under an express contract to pay extra compensation for overtime, the court, on the subject of the liability arising from an implied contract, thus states the rule:

"Such an implication arises only when the services are rendered under circumstances authorizing an expectation of compensation therefor, or the inference that they would not otherwise have been rendered. * * * The distinction between an express and an implied contract is that the first is proved by an actual agreement, and the other by circumstances and the course of dealing between the parties."

The question presented for the determination of the referee, therefore, upon the theory of an implied contract, was whether the services were "rendered under circumstances authorizing an expectation of compensation therefor, or the inference that they would not otherwise have been rendered." Upon this branch, also, it is with regret that we reach the conclusion that the contention of the city cannot be sustained. We say with regret, because, upon the facts appearing, a rather serious situation is presented, bearing upon the right of the head of a department to create liability apparently without limit. The testimony of the commissioners shows that this obligation was assumed with full knowledge that it was in excess of the amount appropriated for the department, and, though the commissioners justify their action by the fact that the work was essential and necessary for the public service, they frankly admit that, in addition to what was required for the expenses of the department, there was no money available from the appropriation allowed to pay for the extra work. Section 47 of the consolidation act provides:

"It shall be the duty of the heads of all the departments of said city and of all boards and officers charged with the duty of expending or incurring obligations payable out of the moneys raised by tax in said city, so to regulate such expenditures for any purpose or object that the same shall not in any one year exceed the amount appropriated by the board of estimate and apportionment for such purpose or object; and no charge, claim or liability shall exist or arise against said city for any sum in excess of the amount appropriated for the several purposes."

That this section has been evaded, and that it furnishes no safety to the city, seem certain, if the action of the commissioners in creating the liability which they admit could not be paid out of their

appropriation, is to be sustained. The effect and bearing of this section, however, are not before us, because not pleaded; and while ·it is natural that we hesitate in affirming a judgment for such a large amount, and which; as a precedent, might furnish encouragement for any head of a department to evade the provision of law .which was intended to prevent expenditures beyond the amount .appropriated for the department, still, upon the pleadings and the proof before us, we see no escape from the conclusion reached by the referee, and must therefore affirm the judgment. However, we. think the question presented is of such serious importance as to justify its review by the court of appeals; and, as it is doubtful, if there .is no dissent to the affirmance of the judgment, whether .the .city could 'take an appeal without the permission of this court, leave is granted to the city to appeal to the court of appeals.

Judgment affirmed, with costs. All concur, except VAN BRUNT, P. J., and RUMSEY, J., who dissent.