GEORGE S. WRIGHT, Respondent, v. THE STATE OF NEW YORK, Appellant.

Third Department, November 14, 1917.

**Master and servant — Laws of 1870, chapter 385, and amendment thereto regulating hours of labor and rate of wages construed — claim for work over time under said statute at prevailing wages.**

Under chapter 385 of the Laws of 1870, providing that eight hours shall constitute a legal day's work, extra compensation cannot be demanded, in the absence of an agreement therefor previously made by the parties.

Hence, a locktender employed by the State of New York who worked for a continuous period of twelve hours per day and accepted pay at the rate of forty-two dollars and fifty cents per month, without objection and without demand or request that he be required not to work more than eight hours per day, is not entitled to compensation for the four hours a day overwork at the prevailing rate of wages for laborers during said period in the vicinity, which was one dollar and fifty cents per day of eight hours.

But since the amendment of said statute by chapter 622 of the Laws of 1894, providing that "laborers so employed shall receive not less than the prevailing rate of wages in the respective trades or callings in which such mechanics, workmen and laborers are employed in said locality," said locktender is entitled to such additional compensation for services rendered subsequent to the day when such amendment became effective.

APPEAL by the defendant, The State of New York, from an order and determination of the Court of Claims in favor of the claimant, entered in the office of the clerk of said court on the 7th day of October, 1916.

From the 1st of May until the 1st of December in each of the years 1893 and 1894 the claimant was a locktender on the Erie canal. The compensation of locktenders during those periods was fixed by the Superintendent of Public Works at forty-two dollars and fifty cents per month, by schedule filed by him with the Comptroller prior to the first day of May in each year. During every day of his employment the claimant was on duty for a continuous period of twelve hours, pursuant to rules and regulations established by the Superintendent of Public Works. On or about the first day of each month he was paid the sum of forty-two dollars and fifty cents, and he signed and receipted each

month for each payment on a payroll furnished for that purpose by the Superintendent of Public Works, and such payrolls so signed by him stated and showed on their face that his compensation was fixed at forty-two dollars and fifty cents a month, and that he acknowledged receipt of that amount by signing his name thereto. The claimant did not demand more than forty-two dollars and fifty cents per month for his compensation while he was acting as such locktender, nor did he demand or request that he be required not to work more than eight hours a day at any time. Nothing was said at any time about the number of hours each day he should work, or about his compensation. The prevailing rate of wages for laborers during the years 1893 and 1894 in the vicinity where the claimant was working was one dollar and fifty cents per day of eight hours.

The claimant filed his claim April 25, 1895, demanding $297.50, being for four hours a day overwork for each day between May 1 and December 1, during the years 1893 and 1894 at the rate of one dollar and fifty cents for each eight hours. This claim was allowed by the Court of Claims, and from the judgment allowing the same the State appeals to this court.

*Merton E. Lewis, Attorney-General* [*Edmund H. Lewis, Deputy Attorney-General*, of counsel], for the appellant.

*Richard Hurley* [*Charles J. Palmer* of counsel], for the respondent.

COCHRANE, J.:

The claim of the respondent for labor performed prior to May 10, 1894, rests on chapter 385 of the Laws of 1870; and his claim for labor performed subsequent to that time rests on said statute as amended by chapter 622 of the Laws of 1894, which amendment became effective on that day.

The unamended statute in section 1 provides as follows: " On and after the passage of this act, eight hours shall constitute a legal day's work for all classes of mechanics, workingmen and laborers, excepting those engaged in farm and domestic labor; but overwork for an extra compensation by agreement between employer and employee is hereby

permitted." The 2d section merely makes the act applicable to persons in the employ of the State or municipal corporations therein or persons contracting with the State or such corporations for performance of public works.

That act was before the court in *McCarthy* v. *Mayor, etc.* (96 N. Y. 1). The court called attention to the fact that the act was an "eight-hour statute" but that it did not assume to regulate the rate of wages, and that by the terms of the act over work for extra compensation by agreement was permitted. The court continued: "The language of the act does not authorize any inference that it was intended to confer the right upon persons employed, to charge for more than one day's labor for the services rendered in any calendar day; but on the contrary such an inference is plainly repelled by the express provision authorizing extra compensation for over work when the agreement provides for it. By settled rules of construction this provision must be held to mean that neither extra labor can be required, nor extra compensation demanded, except in the case of an agreement therefor previously made by the parties. So when the exigencies of his employment, or the requirements of his employer, call upon the laborer for a greater number of hours of labor than those specified in the statute, it is optional with him, either to refuse to perform them, or to insist, as the condition of their performance, upon the payment of extra compensation for the extra work; but in the absence of such an agreement, the provisions of the act do not authorize a demand for the extra compensation."

There was in this case no express agreement for extra compensation and the circumstances do not warrant an inference that there was such an implied agreement. On the contrary, the conduct of the claimant indicates that he understood that he was receiving each month all the compensation to which he was entitled. Each monthly payroll signed by him contained a statement that his compensation was fixed at forty-two dollars and fifty cents per month, and he acknowledged receipt of the same. There was no protest or reservation of a claim for over work or complaint that his hours of labor were in excess of the statutory requirements, or for any other reason were unduly prolonged. The

case cited is a complete answer to the claim of the respondent for services performed prior to the amendment of the statute.

By that amendment there was added to section 2 of the act the following: " All such mechanics, workingmen and laborers so employed shall receive not less than the prevailing rate of wages in the respective trades or callings in which such mechanics, workingmen and laborers are employed in said locality." By such amendment the act regulated not only the hours of labor, but also the rate of wages, and the observation in the *McCarthy Case* (*supra*) that the act was not intended to affect or regulate the rate of wages became obsolete. The precise question involved in so much of this claim as relates to services rendered subsequent to May 10, 1894, the day when the amendment became effective, was before this court in *McCammon* v. *State of New York* (117 App. Div. 913), decided without opinion. That decision is controlling on this court as to all questions raised under the amended statute. (See, also, *Clark* v. *State of New York*, 142 N. Y. 101.)

It follows that the judgment should be modified by reducing the same to so much of the respondent's claim as accrued subsequent to May 10, 1894.

The judgment should be modified by reducing the same to $141.25, and as so modified affirmed, without costs.

Judgment modified by reducing the same to $141.25, and as so modified unanimously affirmed, without costs.