## THOMAS LUSKE *vs.* LUCIUS E. HOTCHKISS.

The act of 1867 provides that "eight hours of labor performed in any one day by any one person shall be deemed a lawful day's work, unless otherwise agreed by the parties." Held that a "week's work," under a contract for work at a fixed price per week, was work for the period of a week, and not for six periods of eight hours each, and that consequently a party who under such a contract had worked sixteen hours a day, could not recover for two weeks' work in the period of one week.

The only effect of the statute, where a case falls within it, is to release the laborer from work, and entitle him to his compensation for a day's labor, at the end of eight hours. If the laborer works more than eight hours in a day, unless by special request or by special agreement, he cannot claim any additional compensation for such additional work.

The plaintiff contracted to conduct a coal gas establishment for the defendant, receiving a fixed sum per week as wages. The business was of such a nature as to require sixteen or more hours' work per day, and the contract was made with an understanding on the part of both parties of this fact. Held that the case did not fall within the operation of the statute.

ASSUMPSIT for work and labor, brought to the Superior Court in Litchfield County. The case was referred to an auditor, who found the issue for the defendant. The plaintiff remonstrated against the acceptance of the report. The defendant demurred to the remonstrance, and the court reserved the case for the advice of this court. The facts are sufficiently stated in the opinion.

*Cothren*, for the plaintiff.

*Munger*, for the defendant.

SEYMOUR, J. This action is for work and labor. The question submitted to us arises from facts substantially as follows:

On the 2d day of April, 1869, the parties contracted by parol that the plaintiff should at once enter into the defendant's service to labor at the defendant's gas works. The work required the plaintiff's constant supervision and attention, but the actual physical labor required averaged only four

hours per day. The price agreed was $10.50 per week. The plaintiff worked for the defendant under this contract till July 4th, 1869, and then left. The defendant has paid him $10.50 for each of the weeks between April 2d and July 4th.

But the plaintiff worked in the defendant's service *twice* eight hours per day during this period, and he claims the right to charge *twice* $10.50 at the end of each week on account of having done, as he claims, two weeks' work in each and every week of the time he was in the defendant's employment.

This claim is founded on the statute of 1866. The plaintiff says, first, that there was no agreement to prevent the full operation of the statute, and second, as fully set out in the remonstrance, he claims, as matter of law, that he should recover the contract price (to wit, $10.50) per week for every fifty-six hours labor and attendance upon the business in each and every week of his service.

The statute is as follows: " Eight hours work done and performed in any one day shall be deemed a lawful day's work, unless otherwise agreed by the parties."

A rule of construction is thus furnished as to what, in the absence of any agreement of the parties on the subject, shall be deemed a day's work.

Let the plaintiff's claim be conceded, that there was no agreement express or implied between the parties in this case as to how many hours' labor should constitute a day's or week's work, what is the effect of the statute on the contract? It is that the plaintiff was not bound to work more than eight hours per day. He might quit work after eight hours work had been performed, and by the statute he would have done a day's work and would be entitled to pay accordingly; for, construed by the statute, his contract obliged him to eight hours work only per day. But the plaintiff did in fact work sixteen hours per day. Can he recover for this extra work? Not under the contract, for if he did not agree to work more than eight hours the defendant did not hire him to work more than that number per day. The defendant's contract of hiring must receive the same construction as the plaintiff's contract of being hired. The extra work was therefore done

voluntarily, not because the plaintiff was hired to do it, or was under obligation to do it. The statute was intended to lessen the hours of labor for the laborer, and cannot be construed as requiring a party whose contract comes within its operation to work more than the statute number of hours. The plaintiff therefore cannot recover under the contract for the extra work, and no foundation is laid for a recovery for it outside of the contract as extra work. There was no request to have extra work performed nor agreement to pay for it.

The plaintiff's argument and claim amounts to this,—that when I set a man to work under an agreement to pay him a certain sum per day, he may work sixteen hours in a day and charge me for two days' work. Prior to the statute such a claim would clearly be unfounded. Independently of the statute a person so hired would work the customary number of hours and then stop, and if he worked longer than usual, in the absence of any special request or special contract, the extra work would be regarded as done voluntarily, without any legal right to compensation.

But the statute makes no change in such a case except only that in the absence of any contrary agreement the day's work terminates with eight hours' labor, instead of terminating with the customary hours; the laborer under the statute may have his stipulated reward for his day's work upon the performance of eight hours service, but if he work longer than the statute time, without special request or special contract, he is deemed to do it voluntarily. These parties in agreeing, the one to pay and the other to take $10.50 a week, contemplated that a week's work would occupy a week's time. The full extent of the defendant's agreement was to pay $10.50 for work to be done during the space of each week's time. This is the common law construction and the statute does not change that construction. The only effect of the statute was to relieve the plaintiff from labor at the end of eight hours work each day, if he had chosen to avail himself of his statute rights.

The plaintiff likewise insisted in argument that the nature

of the business was such as to require his constant attention, and that the contract having been made in view of that necessity, required of him that he should work sixteen hours a day and one hundred and twelve hours per week, and that he ought to recover for every hour's work, counting eight hours as a day's work.

This argument proceeds upon the basis that the contract construed by the surrounding circumstances called for more work than eight hours a day. But if this be so, then the case does not fall within the operation of the statute. It makes no difference whether by express or by implied agreement another measure than the statute measure is adopted. The statute is superseded by this implied agreement. The plaintiff and defendant understood that the work in which the plaintiff was to be engaged would occupy substantially the whole of the plaintiff's waking hours, and with that understanding the price of his work is fixed at $10.50 per week. On common law principles the plaintiff's claim is wholly without foundation, and we cannot give to the statute a construction that will entitle the plaintiff to recover.

We therefore advise the Superior Court that the report of the auditor be accepted, and judgment rendered for the defendant.

In this opinion the other judges concurred.