Helphenstine *v.* Hartig.

No. 366.

## HELPHENSTINE *v.* HARTIG.

WORK AND LABOR.—*Action for.*—*Act of March 6, 1889, Construed.*—*Eight-Hour Law.*—*When Inapplicable.*—The act of March 6, 1889 (Acts 1889, p. 143), constituting eight hours a legal day's work for certain kinds of labor therein mentioned, and permitting extra compensation for over-work by agreement between employer and employee, does not apply to a case where the circumstances under which employment is taken show that more than eight hours' labor will be expected for a day's work, and the employee without objection and without informing his employ-ers that he intended to charge for extra time, worked more than eight hours per day. It will be implied that he covenanted and agreed to the requirement as to extra time. The said act applies only to labor-ers employed by the day.

From the Daviess Circuit Court.

*W. R. Gardiner, S. H. Taylor* and *C. G. Gardiner,* for ap-pellant.

*A. M. Hardy,* for appellee.

NEW, J.—The appellant filed his complaint in the court below on the 7th day of November, 1890, alleging that there was due him from the appellees, for services rendered, the sum of one hundred and seventy dollars.

Omitting formal parts, the complaint is as follows:

"The plaintiff, for his amended complaint, complains of the defendants, Nicholas Hartig and Conrad Hartig, and says: That said defendants are, and for one year last past have been, partners, under the firm name of Hartig Brothers, and as such have been, during the whole of said time, carrying on the business of running a flouring mill, propelled by steam, belonging to them, and situated in the city of Washington, county of Daviess, and State of In-diana, and that plaintiff is an engineer; that, on the 28th day of January, 1890, by an agreement entered into by and between him and defendants, the said defendants employed him to run their engine used in said mill, and agreed to pay

Helphenstine *v.* Hartig.

him therefor, as compensation for such services, ten dollars for each week, and the flour that he might need for use of his family. And plaintiff avers that in pursuance of said agreement, and the requirement of defendants hereinafter alleged, he did work for defendants as their engineer in said mill from the 28th day of January, 1890, until the 15th day of September, 1890. And he avers that defendants required him to work as such engineer in their said mill during said period of time, twelve hours each day, although there had been no agreement between them as to the number of hours he should work each day, and he avers that solely because of such requirement by defendants, and not otherwise, he did work as such engineer in defendants said mill twelve hours each day of twenty-four hours, instead of the legal day's work of eight hours, which he avers constituted one and one-half day's work each twenty-four hours, under the law of Indiana. And plaintiff avers that his said work and services for such extra time of four hours each day was of the value of six dollars per week of forty-eight hours. And so he avers that the full amount of time he worked as aforesaid for said defendants was fifty-one weeks, of forty-eight hours each, and that they have paid him on said work the sum of three hundred and forty dollars, the residue of which is due and wholly unpaid; that he files herewith a bill of items of his work, and the payment thereon, and makes the same a part hereof; that defendants have refused, before the commencement of this action, and still refuse, to pay to him the balance due to him. Wherefore he demands judgment for two hundred dollars, and for all other proper relief."

### BILL OF ITEMS.

Hartig Brothers, to William A. Helphenstine, Dr.,

to 51 weeks' work as engineer at $10 . . . . . $510.00

By cash . . . . . . . . . . . . . . . . . . . 340.00

Balance due . . . . . . . . . . . . . . . . $170.00

The defendants demurred to the complaint for want of

facts. The court sustained the demurrer, and the plaintiff at the proper time excepted. The plaintiff refusing to further plead, judgment was rendered for the appellees upon the demurrer.

The only question presented for our decision relates to the sufficiency of the complaint. Appellant claims he worked twelve hours each day during the time mentioned in his complaint; that the law of this State makes eight hours a legal day's work for the kind of labor he performed, and that he is entitled to extra pay for the four hours he worked each day beyond eight hours.

It will be seen from the complaint that the appellees were, on the 28th day of January, 1890, and for the year last past had been, engaged in operating a flouring mill in the town of Washington, Daviess county, Indiana; that on the 28th day of January, 1890, the appellant, who was an engineer, entered into an agreement with said appellees, by the terms of which said appellees employed appellant to run their engine, used in said mill, and agreed to pay him therefor as compensation for such services ten dollars for each week and the flour he might need for the use of his family; that in pursuance of said agreement, he did work for appellees, as their engineer, in said mill from said 28th day of January, 1890, until the 15th day of September, 1890. There was no special agreement as to the number of hours appellant should work each day, the agreement being that he should be paid $10 per week and the flour he might need for the use of his family. He says that appellees required him to work, as such engineer, during the period of time mentioned twelve hours each day, and that on account of such requirement and not otherwise, he did work twelve hours each day of twenty-four hours, instead of the legal day's work of eight hours, which he claims constituted one and one-half days' work each twenty-four hours under the law of Indiana, making in all fifty-one weeks of forty-eight hours each; that he worked for appellees, and that they have paid him only

Helphenstine v. Hartig.

$340 for 34 weeks instead of $510 for 51 weeks, leaving due him the sum of $170, for which he demands judgment.

The act of March 6th, 1889 (Acts 1889, p. 143), upon which appellant relies, does constitute eight hours a legal day's work for certain labors therein mentioned. The part of said act to be considered here is section 1, and is as follows:

"Section 1. Be it enacted by the general assembly of the State of Indiana that on and after the passage of this act, eight hours shall constitute a legal day's work for all classes of mechanics, workingmen and laborers, excepting those engaged in agricultural or domestic labor, but overwork for an extra compensation by agreement between employer and employee is hereby permitted."

It was not the intention of the legislature, by the enactment of this law, to regulate or in the slightest degree interfere with contracts or agreements between employers and employees. The last clause of section one, " but overwork for an extra compensation by agreement between employer and employee is hereby permitted," clearly shows that to be the fact.

Where the circumstances under which employment is taken shows that more than eight hours' labor will be expected for a day's work, and the laborer takes employment and works beyond eight hours, there can be no recovery by him for the extra time, unless expressly agreed. If there is no express agreement between the parties as to the number of hours they will consider a day's work, the circumstances surrounding each particular case will govern.

It is an elementary rule that no one can be held to pay for services or property unless there is an express or implied promise. *Warring* v. *Hill*, 89 Ind. 497; *James* v. *Gillen*, 3 Ind. App. 472.

The appellant says he is an engineer, and that he accepted employment from the appellees as such; that the mill had been owned and operated by his employers for one year prior

to his employment.  It will be presumed that he knew what would be required of him.  He says that before he accepted said employment, he and the appellees entered into an agreement concerning the labor he was to perform and the compensation he was to receive therefor.  This agreement was no doubt satisfactory to him, as he began work in pursuance of it on the 28th day of January, 1890, and continued until the 15th day of September, 1890.  It will be presumed from his experience as an engineer, from the kind of a mill, from the length of time it had been owned and operated by appellees, and from the fact that he did not accept said employment until they had such an understanding as to what would be expected of him, and the compensation he was to receive for his labors, as to enable them to enter into an agreement concerning the same ; that he knew what the custom was and that he would be expected to labor more than eight hours for a day's work.

If he did not know what his employers would expect and require of him in this respect, he could have ascertained, and if he was not willing to labor more than eight hours for a day's work it was his duty to have so informed his employers, so they could have considered that question before entering into the agreement with him.  But if he entered upon his work without knowing how many hours he would be required to labor for a day's work, and was not willing to labor more than eight hours, it was his duty, at the end of eight hours' work on the first day, to have then and there informed his employers of his intention, and had a full and complete understanding with them.  But if he continued to work more than eight hours each day without objection and without informing said employers that he intended to charge for the extra time, it will be implied that he consented and agreed to their requirements, and he can not recover for the hours worked each day beyond eight hours, as extra time.

The complaint shows that the appellant was employed by the week, and that he was to be paid a price mentioned for

a week's work; it further shows that he received $340, which was the money, to be paid at $10 per week for the 34 weeks he worked. It is not shown at what time said money was paid him, but the presumption is that he was paid $10 at the end of each week. He accepted said amount, and continued in the employment of appellees during all that time, knowing that they were expecting him to work more than eight hours each day for a day's labor, and he can not now complain because he was not paid for what he terms the extra time.

The employment in this case was by the week, and we do not believe the legislature intended the act mentioned to apply to laborers employed, except by the day.

The Supreme Court of Michigan, in construing a statute similar to the one in this State said, in the case of *Schurr* v. *Savigny*, 85 Mich. 144, that it was not intended to apply to service or employment, such as the hiring by the week, month or year.

We think the same construction should be placed upon the act of March 6th, 1889, above set out and we decide that the provisions of said act do not apply, except where the employment is by the day.

There was no error committed by the court in sustaining the demurrer to the complaint.

The case is affirmed.

