Philips v. Christian County.

| 87 | 481 |
| p92 | 430 |
| 87 | 481 |
| 191s | 4488 |

## J. N. Philips v. Christian County.

1. SHERIFFS—*Duty Under the Act of June 16, 1887.*—The act of June 16, 1887, entitled "An act to secure the peace and good order of society, to quell riots or disturbances, to secure the execution of the laws, and to provide for special deputy sheriffs, and for calling out and using the military forces of the State for the preservation of the peace and the protection of property," vests in the sheriff the discretion to enroll as many deputies as may in his judgment be required, and such deputies are subject to his orders and liable to fine and imprisonment for a refusal to act when called upon.

2. DEPUTIES—*Not Affected by the Calling out of the Militia.*—The fact that the executive calls out a part of the military force of the State for the preservation of the peace in the same exigencies under which a special deputy is enrolled, and under which he is compelled to perform like services, furnishes no reason why he should not recover for the time served by him during which the military are called out.

3. CONSTRUCTION OF STATUTES—*The General Rule.*—In the construction of statutes, where the enumeration of a special class of subjects is followed by a general clause intended to embrace subjects not enu-

merated, the general clause will be construed to include only subjects that partake of the same nature as those mentioned in the special class.

4. SAME—*Construction of the Eight Hour Law.*—The subjects enumerated in the act making eight hours a legal day's work and to which eight hours shall apply, are all mechanical trades, arts and employments, and the general clause is, "other cases of labor and services by the day." The subjects embraced by the enumeration are limited, and consequently the general clause should also be limited to work and labor in the common and necessary industries of the people, and can not be extended to include the services of the constabulary of the State, whose duty it is to enforce the observance of the law, preserve the peace and protect property—a service involving in no proper significance, any element of work or labor in the common acceptance of those words, but involving the idea of vigilance and discretion, fortitude and courage.

5. SAME—*Application of the Eight Hour Law.*—The eight hour law has no application to a deputy sheriff appointed under the provisions of the act of June 16, 1887, entitled, "An act to secure the peace and good order of society, to quell riots or disturbances, to secure the execution of the laws and to provide for special deputy sheriffs, and for calling out and using the military forces of the State for the preservation of the peace and the protection of property."

6. COUNTIES—*Liability for Subsistence.*—Under the provisions of the act of June 16, 1887, a special deputy sheriff is entitled to subsistence while on duty, and if the county or sheriff fails to furnish or supply the same, and he is compelled to supply it himself, the county is liable to reimburse him.

Assumpsit, for compensation and subsistence while acting as a special deputy sheriff; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the November term, 1899. Reversed and remanded. Opinion filed February 27, 1900.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

Appellant, among others, was summoned and enrolled as a special deputy sheriff by the sheriff of Christian county under the provisions of the act of June 16, 1887, entitled "An act to secure the peace and good order of society, to quell riots or disturbances, to secure the execution of the laws, and to provide for special deputy sheriffs, and for calling out and using the military forces of the State for the preservation of the peace and the protection of the property," and this suit is brought by him to recover of the county for his services as such deputy sheriff, and for his subsistence

while on duty. Upon the trial, which was by jury, the appellant recovered a verdict for $182, the same being for ninety-one days at $2 per day, and after overruling his motion for a new trial the court gave judgment in his favor for that sum, to reverse which he prosecutes this appeal, and to effect a reversal contends, first, that he should have recovered under the eight hour law; second, that for all day and night service (twenty-four hours), he should have been allowed at least two days, and third, for subsistence while on duty. Cross-errors have been assigned by the appellee to the effect that the executive having called out a part of the military force of the State for the preservation of the peace in the same exigencies under which appellant was enrolled, the authority and service of the sheriff and his deputies were thereby superseded, and during such time of military intervention appellant should not recover.

The facts are, in substance, that during a strike among the workmen at Pana mines, appellant was appointed a special deputy sheriff and took the oath of office August 24, 1898, and served as such until December 4, 1898, having been actually employed ninety-one different days, thirty-three of which he served night and day, and the others he served either a full day or night of twelve hours. He performed his duties under the order of the sheriff, and while on duty provided his own subsistence, his meals having been carried to him by members of his own family, no other provision for subsistence having been made. From November 21st, to December 4th, a period of fifteen days, during the service of appellant, the military forces of the State, by proclamation of the governor, were present at Pana for the preservation of the peace.

The title of the eight hour law is: " An act making eight hours a legal day's work;" and it provides that eight hours of labor between the rising and setting of the sun, in all mechanical trades, arts and employments, and other cases of labor and service by the day, except in farm employments, shall be and constitute a legal day's work, where there is no special contract or agreement to the contrary. It is a

familiar rule in the construction of statutes that the enumeration of a special class of subjects, followed by a general clause intended to embrace subjects not enumerated, the general clause will be construed to include only subjects that partake of the same nature as those already mentioned. The subjects enumerated to which eight hours shall apply are all mechanical trades, arts and employments, and the general clause is, " other cases of labor and services by the day." The subjects embraced in the enumeration are limited, and consequently the general clause should also be limited to work and labor in the common and necessary industries of the people, and in no just sense could it be extended to include the services of the constabulary of the State, whose duty it is to enforce the observance of the law, preserve the peace, and protect property, a service involving in no proper significance any element of work or labor in the common acceptance of those words, but involves the idea of vigilance and discretion, fortitude and courage.

The title of the act is to make eight hours a legal days work, and it seems clear to us it was the legislative intent to apply the word merely to the usual industries of the State, for which wages are paid to those who work or labor therein. We are of the opinion the eight hour law has no application to a deputy sheriff appointed under the provisions of the act in question. Neither was appellant entitled to divide twenty-four hours continuous service so as to make two days. He was bound to serve as the exigencies of the services demanded, and that no doubt at times would require twenty-four or more hours continuous service, and at other times little or nothing might be required; at all events, such, generally, is the nature of service like this, which is nearly allied to military service, and all know the character of that in camp and field. Under the plain provisions of the statute appellant was entitled to subsistence while on duty, and if the county or sheriff failed, as they did, to furnish or supply the same, then appellant was, in the very nature of the case, compelled to supply it himself, and no reason can be perceived why the county is not liable to

reasonably reimburse him for the subsistence so supplied. The court in substance instructed the jury that appellant could not recover for the subsistence supplied by himself and refused the instructions asked by him upon this point, which was error.

There is no merit in the cross-errors assigned by appellee, that because the executive called out the military force of the State for the preservation of the peace in the same exigencies under which appellant was compelled to perform a like service, he could not for such reason recover for the time covered by military intervention. In the first place the statute vested in the sheriff the discretion to enroll as many deputies as might in his judgment be required, and that such deputies should be subject to the orders of the sheriff, and should any person when summoned decline or refuse to act, the statute declares he shall be guilty of a misdemeanor and be fined not less than $50, nor more than $200, or be imprisoned in the county jail not to exceed three months. Appellant obeyed the orders of the sheriff, and thus complied with the requirements of the statute as in duty bound. He obeyed the orders of the sheriff, and thereby earned his compensation. If the sheriff was mistaken in judgment by retaining appellant in service, the latter ought not to be prejudiced thereby. He was in no wise privy to the calling out of the military forces, neither can it be said as a matter of law that the mere act of invoking military aid operated to relieve appellant from service as a deputy sheriff, or deprived the sheriff of his authority in this regard. There may have been the best of reasons for retaining him in that capacity to assist the sheriff in the discharge of his duties, for under the statute and the constitution it was the duty of the military to report to the civil officer, and act in strict subordination to civil authority, thereby clearly demonstrating that instead of diminishing the responsibilities of the sheriff, they were increased by the presence of the military forces.

For the error indicated the judgment of the Circuit Court will be reversed and the cause remanded.