### Sanitary District of Chicago v. Henry J. Burke.

1. CONSTRUCTION OF STATUTES—*Eight Hour Law.*—Section 2 of the so-called eight hour law provides that the act shall not apply to or in any way affect labor or service by the year, month or week.

2. SAME—*No Recovery for Extra Work Without Agreement Therefor* —The mere fact that plaintiff worked more than eight hours a day will

not entitle him to recover extra compensation under the eight hour law, in the absence of an agreement therefor. A laborer whose employment comes within the terms of the statute may refuse to work more than eight hours a day at his option, or insist as a condition precedent, if he does so work, that he shall be paid for the extra time. But the mere fact that he has voluntarily worked more than eight hours a day does not of itself authorize a demand for extra compensation under the act in question, unless it should appear that extra compensation was agreed upon, or was reasonably within the contemplation of the parties at the time.

Assumpsit, for wages. Appeal from the Circuit Court of Cook County; the Hon. Elbridge Hanecy, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Reversed. Opinion filed April 4, 1900.

Chas. C. Gilbert, Seymour Jones and Wm. U. Riley, attorneys for appellant.

No appearance by appellee.

Mr. Justice Freeman delivered the opinion of the court.

Appellee was employed by appellant as an inspector at a salary of seventy-five dollars a month, from April 17th until August 26, 1896. He was paid the agreed salary at the end of each and every month, for which he receipted in full. He now seeks to recover for extra time, claiming that he worked from ten to ten and a half hours a day, and that as the statute provides eight hours shall constitute a legal day's work (Rev. Stat., Chap. 48, Sec. 1), he is entitled to extra compensation for all over eight hours. His evidence shows that he did no manual work, but acted as an inspector of mortar and mason work.

Section 2 of the so-called eight hour law provides that the "act shall not apply to or in any way affect labor or service by the year, month or week." Appellee testifies: "I was employed by the month at seventy-five dollars a month." Comment can not make it clearer that the provision of the act making eight hours a legal day's work, is not applicable in this case.

But aside from the section referred to, the mere fact that

appellee worked more than eight hours a day would not entitle him to recover extra compensation under said act, in the absence of an agreement therefor. A laborer whose employment comes within the terms of the statute may refuse to work more than eight hours a day at his option, or insist as a condition precedent, if he does so work, that he shall be paid for the extra time. But the mere fact that he has voluntarily worked more than eight hours a day does not of itself authorize a demand for extra compensation under the act in question, unless it should also appear that extra compensation was agreed upon, or was reasonably within the contemplation of the parties at the time. Brooks v. Cotton, 48 N. H. 50; Luske v. Hotchkiss, 37 Conn. 219. In this case it is clear that extra compensation was not contemplated by either party.

The judgment of the Circuit Court must be reversed, but the cause will not be remanded.