(32 Misc. Rep. 683.)

GRAY v. HALL.

(Supreme Court, Appellate Term. November 7, 1900.)

MASTER AND SERVANT—WAGES—EIGHT HOUR DAY LAW—OVERTIME.
    A contract under which plaintiff was employed stipulated that he should receive a certain sum per day for each day he worked, and proportionately thereto for parts of a day. *Held*, in an action to recover compensation for work over eight hours per day, brought under Laws 1899, c. 567, making eight hours a legal day's work, but permitting overwork for extra compensation, by agreement between the parties, that the words "proportionately thereto for parts of a day" in the contract did not refer to extra compensation for overtime, but meant that, if plaintiff worked part of a day, he was to receive such proportion of his day's wage as the time he worked bore to a whole day, and hence he was not entitled to recover.

Appeal from municipal court, borough of Manhattan.

Action by John R. Gray against Charles W. Hall. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

L. Skidmore, for appellant.
H. C. Mooney, for respondent.

PER CURIAM. The plaintiff was employed by defendant as foreman of masons. His employment was by letter written by defendant, in which, after stating the duties to be performed, he wrote as follows respecting plaintiff's compensation: "It is understood that you are to receive five dollars per day for each day that you work, and proportionately thereto for parts of a day." Plaintiff commenced work on January 27, 1899, and continued until September 2, 1899, when he was discharged. He was paid at the rate of five dollars per day until April 1, 1899. He then complained of the length of time that he was required to work daily, and his pay was increased to six dollars a day. About June 24, 1899, he again complained of his hours of work, and his pay was raised to seven dollars a day, at which rate he was paid until his discharge. There is some dispute in the evidence as to whether these increases of pay were granted in terms as compensation for overtime work, but at

any rate this coincided very nearly as to time with the complaints of the length of time that plaintiff was compelled to work. During the whole time of his employment, plaintiff never made any claim for additional payment for overtime, but accepted his agreed daily pay. After his discharge, however, he made a demand for extra payment for 313 hours of overtime. He relies upon the provision of chapter 385, Laws 1870, by the first section of which it is enacted as follows:

"On and after the passage of this act eight hours shall constitute a legal day's work for all classes of mechanics, workingmen and laborers, excepting those engaged in farm and domestic labor; but over work for an extra compensation by agreement between employer and employee is hereby permitted."

This provision, which has been re-enacted by chapter 415, Laws 1897, and chapter 567, Laws 1899, has been construed by the court of appeals. McCarthy v. Mayor, etc., 96 N. Y. 1. It was thus held that an employer was not made liable under the act to an employé hired by the day for labor beyond the statutory time, unless it was provided for in the contract of employment; and that, in the absence of any stipulation for extra compensation in the contract of employment, the language of the act furnished no ground for the inference that it intended to confer a right upon an employé to charge for more than one day's labor for services rendered in any calendar day, and that for such services the employé could not recover extra compensation. Unless, therefore, the contract under which plaintiff was employed contains, by fair and reasonable construction, a stipulation for extra pay for overtime, this judgment must be reversed. The language of the contract was: "You are to receive five dollars per day for each day that you work, and proportionately thereto for parts of a day." The justice before whom the action was tried evidently construed the words "proportionately thereto for parts of a day" as applicable to overtime. They will, however, bear no such construction. They refer, evidently, not to something more than a day, but to something less; that is, to a part of a whole day. What the letter clearly meant was that the plaintiff was to be paid so much for a whole day, and that, if he worked only part of a day, he was to receive such part or proportion of his day's wage as the time he worked bore to a whole day. The intention was that, under certain circumstances, the plaintiff might receive less than five dollars per day, but there is no promise that he shall in any event be paid more. The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.