## County of Christian v. Laurence Merrigan.

1. COUNTIES—*Liability for the Payment of Special Deputies.*—The sheriff of a county can appoint special deputies when in his judgment the peace and good order of society require it, and such deputies are entitled to pay from the county at the rate of two dollars a day while actually employed.

2. SAME—*Liability for Subsistence.*—A special deputy appointed by the sheriff, is entitled to subsistence while on duty, and if his county or the sheriff fails to furnish or supply the same and he is compelled to supply it himself, the county is liable to reimburse him.

Assumpsit, for compensation and subsistence while acting as a special deputy sheriff. Appeal from the Circuit Court of Christian County; the Hon. WILLIAM M. FARMER, Judge, presiding. Heard in this court at the May term, 1900. Affirmed. Opinion filed December 7, 1900.

E. A. HUMPHREYS, State's Attorney, attorney for appellant; JAMES B. RICKS, of counsel.

J. C. & W. B. M'BRIDE and MILLS BROS., attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit by appellee against appellant to recover compensation for services and subsistence while the former, as special deputy sheriff, was aiding in preserving the peace and protecting property near the city of Pana, in Christian county, during the time of the coal miner's strike there in 1898.

The case was tried by jury in the Circuit Court of Christian County, and resulted in a verdict and judgment in favor of appellee for $237.50.

To reverse that judgment, appellant prosecutes this appeal and insists that the court erred in sustaining a demurrer to the second plea, in misdirecting the jury, and that the verdict is contrary to the evidence. Appellee has assigned a cross-error, claiming that the court improperly sustained a demurrer to the second count of the declaration.

County of Christian v. Merrigan.

By the second count of the declaration, appellee claimed a day's pay for every eight hours that he did duty, regardless of the number of days he rendered service. And by the second plea, appellant set up that during the time when and the place where appellee rendered the services for which he sues, the governor of this State placed a part of the military force of the State in charge to preserve the peace and protect the property there against violence, and thereby the authority of the sheriff and his deputies were superseded; and claimed that appellee could not recover from the county anything for those services on that account.

The evidence shows that during a strike of the coal miners at Pana and vicinity appellee was regularly appointed deputy sheriff; took the oath of office, and under the express directions of the sheriff of Christian county, guarded the coal mine near the city of Pana for ninety-five days, between August 22, 1898, and December 4th following, being on duty both night and day for twenty-six of those days. He obtained his meals during that time, from his home, as neither the sheriff nor the county furnished them or made any provision therefor. The reasonable value of the meals was shown to be about fifty cents per day.

The facts being uncontroverted, the court at the instance of appellee, instructed the jury, in effect, that the sheriff could appoint special deputies when in his judgment the peace and good order of society required it, and such deputies were entitled to pay from the county, at the rate of two dollars a day while actually employed; that the county should furnish subsistence for such deputy while on duty; and if during the time that appellee served as special deputy the sheriff failed to provide him with his necessary subsistence, and he furnished it himself, then the jury should allow him a reasonable compensation therefor; but refused an instruction offered by appellant " that a special deputy was not, under the law, entitled to allowance, or pay for subsistence, when he ate his meals at his own home or had them sent to him from there."

The court properly sustained the demurrer to the second count of the declaration and to the second plea; properly

instructed the jury under the evidence and properly refused the instruction offered by appellant for the reasons stated in the opinion of this court in Philips v. Christian County, 87 Ill. App. 481; and therefore we affirm the judgment in this case.

Affirmed.