THE COUNTY OF CHRISTIAN

*v.*

LAURENCE MERRIGAN.

*Opinion filed October 24, 1901.*

1. SHERIFFS—*sheriff's powers not suspended by sending militia to pre-serve peace.* The sending of troops by the Governor into a county to aid in preserving the peace under the act of 1887, relating to riots, (Laws of 1887, p. 239,) does not suspend the powers and duties of the sheriff nor deprive him of power to appoint deputies to aid in protecting property and preserving the peace.

2. COUNTIES—*liability of county for subsistence of special deputies in riot cases.* Under section 2 of the act of 1887, concerning mobs and riots, the county is liable for the subsistence of each deputy while on duty as such, whether such subsistence is provided for himself at his own home, or elsewhere.

3. PLEADING—*a demurrer does not admit conclusions of law.* A demurrer admits facts which are well pleaded, but not the legal conclusions drawn therefrom by the pleader.

4. WORK AND LABOR—*eight-hour-day law does not apply to deputies appointed to preserve peace.* The act making eight hours a legal day's work applies only to mechanical trades, arts and employments of like character, and not to services of an official character, such as those of deputy sheriffs appointed to aid in preserving the peace.

5. SAME—*extra time cannot be recovered for in absence of agreement.* In the absence of any agreement for an eight-hour day no recovery can be had for extra time.

*County of Christian* v. *Merrigan,* 92 Ill. App. 428, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Christian county; the Hon. WILLIAM M. FARMER, Judge, presiding.

E. A. HUMPHREYS, State's Attorney, (JAMES B. RICKS, of counsel,) for appellant.

J. C. & W. B. McBRIDE, and MILLS BROS., for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Appellate Court affirming a judgment of the circuit court of Christian county, which the appellee obtained in a suit for

compensation for services and subsistence while he was acting as a special deputy sheriff of Christian county in protecting property and preserving the peace during a strike at Pana, in said county, in 1898. The declaration alleged the due appointment of appellee, in writing, by the sheriff, as such deputy; that appellee took the oath of office, as required by the statute, and entered upon the performance of his duties, and served until discharged,— the first count alleging the time of such service to have been one hundred and twenty-four days, and the second count one hundred and fifty days, of eight hours each. Each count alleged that by force of the statute the appellant become liable to pay him two dollars for each day's service. The third count was for reasonable compensation for subsistence, under the statute, during the same period, and alleged that fifty cents a day was such reasonable compensation. The common counts were added. Besides the general issue the defendant filed a special plea, which averred that the Governor of the State, because of riotous conditions, by which the courts and civil authorities were overthrown, had issued his proclamation and thereby declared and established martial law in the district comprising the territory wherein and during the time the services sued for were performed, and that a large military force took possession of said territory, and that thereby the duties and functions of the sheriff as a peace and as an executive officer under the laws of the State were suspended, and particularly his power to appoint appellee as such deputy under the statute, and that his alleged appointment was or became illegal or without lawful authority, and was without any binding force on the county. The trial court sustained a demurrer to this plea. The defendant stood by its plea, and a trial was had on the general issue, resulting in a verdict and judgment for the plaintiff below for $237.50. The Appellate Court granted a certificate of importance.

It is contended by appellant that the court erred in sustaining the demurrer to the special plea. We are of the opinion that there was no error in this regard. Section 15 of article 2 of the constitution provides that "the military shall be in strict subordination to the civil power." Section 1 of the act to secure the peace and good order of society, to quell riots, etc., in force July 1, 1887, (Hurd's Stat. 1899, p. 613,) provides: "That the sheriff of any county in this State, if in his judgment the preservation of the peace and good order of society shall require it, may summon and enroll any number of special deputies which in his judgment the exigencies of the case require, and such deputies shall be subject to his orders, and shall have all the powers of deputy sheriffs until discharged, or excused from duty by the sheriff." Section 2 provides that the county shall pay for the subsistence of such special deputies while on duty, and all necessary expenses incurred by them in the performance of their duty for which they shall have been summoned. Section 4 is as follows: "The deputy sheriffs appointed under this act shall be paid at the rate of two ($2) dollars per day for the time actually employed, in and about the duties of such appointment, and the county board shall make provision for such payment." Section 5 provides that whenever the sheriff, with the help of his force of special deputies, is unable to preserve the peace, it shall be his duty to notify the Governor of the facts, and to call upon him for such military force as may be deemed necessary to preserve the peace and execute the law. Section 6 provides, that "whenever the military forces shall be ordered out by the Governor on any application of a civil officer as aforesaid, or otherwise, they shall report to such civil officer as the Governor shall designate and shall act in strict subordination to such civil authority, in preserving the peace, quelling riots, or executing the law." Section 7 authorizes the Governor, in certain cases of riot, tumult, etc., to order such military force as he

may deem necessary to aid the civil authorities in suppressing violence and executing the law.

It sufficiently appears from these provisions that civil authority was not suspended, nor was the power of the sheriff to appoint special deputies to aid him to preserve the peace and protect persons and property, but, on the contrary, the military authority of the State was called on to aid the civil authorities, including the sheriff and his deputies, to suppress riot and to preserve peace and good order. The averment in the plea that the powers, duties and functions of the sheriff as an executive or a peace officer, or to appoint special deputies, and the power of the plaintiff to act as such special deputy, were suspended and no longer in force, is merely the legal conclusion of the pleader, not sustained by the facts pleaded and the laws in force, and is not, therefore, admitted by the demurrer. Facts well pleaded are admitted, but not the legal conclusions drawn from them by the pleader.

It is also insisted that the court erred in its instructions to the jury, by virtue of which, and the evidence adduced, the plaintiff was permitted to recover for his subsistence at the rate of fifty cents per day during the time he was on duty as special deputy. The point made is, that only the expenses of subsistence of the sheriff's force of deputies while on duty, and which he was required to provide for, could be charged against the county, and not the value of meals of a deputy provided for himself or eaten at his own table. The point made by counsel is not without force, but we are of the opinion, from the wording of the statute, the county was properly chargeable with the reasonable price and value of the subsistence of each deputy while on duty as such, whether such subsistence was provided for himself at his own home, or elsewhere. The statute declares, in plain terms, that the county shall pay for the subsistence of such special deputies while on duty. We would not be authorized to qualify the words of the statute by an exception or

limitation not expressed or fairly implied from the language used.

Appellee has assigned cross-errors, and contends that the act making eight hours a legal day's work (Hurd's Stat. 1899, p. 840,) applies, and that he should have been permitted to recover, under the second count, for one hundred and fifty days of eight hours each; that is, that the plaintiff should have been permitted to divide the days into periods of eight hours when he was engaged in his duties as deputy, and thus permitted to recover, under the statute, for as many days as there were periods of eight hours' actual service. This point was also correctly decided below. We agree with the Appellate Court· in its holding that the statute has no application to cases of this kind, (*Phillips* v. *Christian County*, 87 Ill. App. 481,) but that it is confined to mechanical trades, arts and employments, and other cases of labor and services of like character, and does not embrace services of an official character. Moreover, if the eight hour statute applied, appellee performed the services required of him each day without any agreement (even if there could be such agreement in such a case) that he should be paid for extra time. In the absence of such an agreement or contract no recovery could be had for extra time employed over eight hours during the same day. (10 Am. & Eng. Ency. of Law,—2d ed.—463; *Lusk* v. *Hotchkiss*, 37 Conn. 219.) We are of the opinion that the *per diem* required by the statute to be paid for the time actually employed was only for one day in each twenty-four hours.

It follows that the errors complained of were not well assigned.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE RICKS, having been of counsel in this case below, took no part in its decision here.