## PLUMMER v. PENNSYLVANIA R. CO.

District Court, E. D. Illinois.   March 5, 1929.

No. 100–D.

John McNutt, of Mattoon, Ill., for plaintiff.

Craig & Craig, of Mattoon, Ill., for defendant.

LINDLEY, District Judge.   Plaintiff avers that on January 6, 1921, the plaintiff was employed by the defendant, an interstate carrier, as a special police officer and train rider to ride and assist in the operation of the trains of defendant engaged in interstate commerce, and to watch, protect, and guard said trains and the freight and passengers transported thereby from loss or injury, at a compensation of $180 per month; that he was so employed until the 15th day of May, 1927; that during all of the time of his employment he worked 12 hours per day; that by virtue of the Adamson Act (39 Stat. 721) he is entitled to payment on an eight hour per day basis, and that there is due from defendant the sum of $10,170 additional compensation.

Defendant contends that plaintiff is not within the meaning of the Adamson Act; that the Adamson Act did not purport to fix compensation, except for a limited period during the year 1917 and 30 days thereafter, but merely fixed the hours of service, and that inasmuch as the statute merely fixes a maximum number of hours as constituting a day's labor, an employee that works in excess of such time is not entitled to additional compensation, in the absence of a special agreement to such effect.

There is a serious doubt as to whether or not the language of the declaration is sufficient to bring the plaintiff within the classification of employees named in the Adamson Act.   That act provides that "eight hours shall, in contracts for labor and service, be deemed a day's work and the measure or standard * * * of reckoning the compensation for services of all employees who are now or may hereafter be employed by any common carrier by railroad, * * * and who are now or may hereafter be actually engaged in any capacity in the operation of trains used for the transportation of persons or property on railroads."   45 USCA § 65. Apparently Congress intended the act to apply only to that class of employees who were at the time of the Adamson Act enactment striking.   These included the members of four brotherhoods of trainmen, who actually operated trains as members of the crews.   The language of the Supreme Court in Wilson v. New, 243 U. S. 332, 37 S. Ct. 298, 61 L. Ed. 755, L. R. A. 1917E, 938, Ann. Cas. 1918A, 1024, is pertinent, where the court held the law constitutional and disposed of the contention of unlawful inequality by saying: "The second rests upon the charge that unlawful inequality results because the Statute deals not with all, but only with the wages of employees engaged in the movement of trains. But such employees were those concerning whom the dispute as to wages existed growing out of which the threat of interruption of interstate commerce arose—a consideration which establishes an adequate basis for the statutory classification."   The plaintiff's statement, however, that he was actually engaged in the operation of interstate trains may be sufficient to bring his declaration within the statute.

However, the court is of the opinion that there are insurmountable difficulties in plaintiff's case, which make it imperative that the demurrer should be sustained upon the other contentions of the defendant.

The Supreme Court, in the case of Wilson v. New, sustained the constitutionality of

124

the statute fixing compensations upon the ground that the law met a temporary emergency. Had the statute attempted to fix permanently the wages of employees undoubtedly the Supreme Court would have held it unconstitutional. The court said ·in this connection: "In addition by the provision prohibiting a lower rate of wages under the new system than was previously paid, it fixed the wages for such period. But this was not a permanent fixing, but in the nature of things a temporary one which left the will of the employers and employees to control at the end of the period, if their dispute had then ceased." ' The statute, therefore, must be construed as a statute fixing merely the hours of labor of such employees as are included within the terms thereof.

■ In this situation it follows that an employee who works in excess of the fixed time is not entitled to extra compensation in the absence of an agreement in ·regard thereto. This doctrine is generally approved in Corpus Juris, vol. 39, p. 226. In the case of United States v. Martin, 94 U. S. 400, 24 L. Ed. 128, the plaintiff was employed under the statute that provided 8 hours should constitute a day for all laborers employed by the government. The plaintiff worked 12 hours at a fixed compensation of $2.50 per day. The court held that the contract was legal and binding between the parties, and that no recovery could be had for additional compensation. The same doctrine is followed in the cases of Christian County v. Merrigan, 191 Ill. 484, 61 N. E. 479, and Sanitary District of Chicago v. Burke, 88 Ill. App. 196.

In McCarthy v. New York, 96 N. Y. 1, 48 Am. Rep. 601, the court said: "So when the exigencies of his employment,. or the requirements of his employer, call upon the laborer for a greater number of hours of labor than those specified in the statute, it is optional with him, either to refuse to perform them, or to insist, as the condition of their performance, upon the payment of extra compensation for the extra work; but in the absence of such an agreement, the provisions of the act do not authorize a demand for the extra compensation." Other cases to the same effect are Luske v. Hotchkiss, 37 Conn. 219, 9 Am. Rep. 34; Grisell v. Noel Bros. Flour-Feed Co., 9 Ind. App. 251, 36 N. E. 452; Gray v. Hall, 32 Misc. Rep. 683, 66 N. Y. S. 500. In Helphenstine v. Hartig, 5 Ind. App. 172, 31 N. E. 845, the court said: "If he did not know what his employers would expect and require of him in this respect, he could have ascertained, and if he was not willing to labor more than eight hours for a day's work it was

his duty to have so informed his employers, so they could have considered that question before entering into the agreement with him."

In Short v. Bullion-Beck & Champion Mining Co., 20 Utah, 20, 57 P. 720, 45 L. R. A. 603, where the statute made the employment of workmen for more than a prescribed number of hours a misdemeanor, the court held that the employee is impliedly forbidden to make a contract in excess of such hours, and that he cannot claim an express or implied contract to pay for such excess services rendered. The last case answers the contention of the plaintiff to the effect that, if the defendant required him to work over 8 hours per day, it would be subject to certain penalties under section 4 of the Adamson Act (45 USCA § 66).

The conclusion is inevitable, therefore, that, even if the plaintiff comes within the class of persons whose hours of service were fixed by the Adamson Act, in the absence of a special agreement for additional compensation, his labor for 12 hours a day over a period of years, and acceptance of compensation therefor, place him in a position where he is not entitled to ·any additional compensation. The relief which he seeks can: be supplied only by additional legislation of Congress.

Accordingly the demurrer is sustained.