### PLUMMER v. PENNSYLVANIA R. CO.

Circuit Court of Appeals, Seventh Circuit.
December 7, 1929.

Rehearing Denied January 20, 1930.

No. 4221.

John McNutt, of Mattoon, Ill., for appellant.

Fred H. Kelly, of Mattoon, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge. The action was brought under the first section of the "Adamson Act" (45 USCA § 65), to recover, by a railroad employé alleged to have been engaged in the operation of trains, for services rendered in excess of eight hours a day, for a period of over six years. The various counts of the declaration alleged, in words or in substance, that the plaintiff began his employment in January, 1921, "to ride and assist in the operation of the trains of defendant engaged in Interstate Commerce, and to watch, protect and guard said trains and the goods, merchandise, and passengers transported thereby from loss or injury, at a compensation of One Hundred Eighty Dollars ($180) per month; and that plaintiff was so actually engaged together with other employees of the defendant in the operation of interstate trains used for the transportation of persons or property by the defendant from the date aforesaid to the 15th day of May A. D. 1927. * * *"

Demurrer to the declaration was sustained, and judgment rendered against plaintiff.

The applicable part of section 1 of the act is: "That beginning January first, nineteen hundred and seventeen, eight hours shall, in contracts for labor and service, be deemed a day's work and the measure or standard of

a day's work for the purpose of reckoning the compensation for services of all employees who are now or may hereafter be employed by any common carrier by railroad, * * * and who are now or may hereafter be actually engaged in any capacity in the operation of trains used for the transportation of persons or property on railroads. * * *" 39 Stat. 721 (45 USCA § 65).

Appellee contends that a special officer or train rider does not fall within the provisions of the section; that the section does not fix wages; and that compensation for time served in excess of eight hours daily cannot be recovered unless contracted for.

Whether the duties for which appellant was employed, as described in the declaration, constituted him one who, within the purview of the section, was "actually engaged in any capacity in the operation of trains," presents an interesting question, but one we need not further consider or decide, in view of our conclusion upon the other proposition.

■ In its decision sustaining the constitutionality of the Adamson Law, the Supreme Court held that the first section permanently established an eight-hour day in the specified employments, but that it did not undertake to limit the hours of service or to fix wages therefor. Wilson v. New, 243 U. S. 332, 37 S. Ct. 298, 61 L. Ed. 755, L. R. A. 1917E, 938, Ann. Cas. 1918A, 1024. Section 2 of the act did undertake the regulation of wages in those employments for a limited period, which expired long before appellant's employment began.

It thus remained within the right of employers and employés to agree between themselves upon the hours to be served, and the wages to be paid therefor. The authorities supporting this proposition, under statutes similar in principle, are too definite and numerous to admit of controversy thereon. Some of them are United States v. Martin, 94 U. S. 400, 24 L. Ed. 128; Coleman v. United States (D. C.) 81 F. 824; Timmonds v. United States (C. C. A.) 84 F. 933; County of Christian v. Merrigan, 191 Ill. 484, 61 N. E. 479; Vogt v. City of Milwaukee, 99 Wis. 258, 74 N. W. 789; Helphenstine v. Hartig, 5 Ind. App. 172, 31 N. E. 845; Grisell v. Noel Bros., etc., 9 Ind. App. 251, 36 N. E. 452; McCarthy v. Mayor, etc., of N. Y., 96 N. Y. 1, 48 Am. Rep. 601.

That this is the law is freely conceded in the reply brief for appellant, where it is stated: "It is within the rights of the employer and employee under the Adamson Law to make a contract as to the wages which shall be paid for eight hours' work and what wages shall be paid for overtime. The Adamson Law leaves the amount of wages to be paid for the standard day and for overtime to the agreement of the employer and employee. * * *"

■■ Does the declaration show that this employer and employé agreed upon the hours of service and the compensation therefor? This must be determined from the facts which the declaration discloses. They are simple. The employé entered on the employment at the stipulated wage of $180 a month. The performance of his duties required twelve hours of daily service. He continued in the same employment, at the same wage, for more than six years. Each month he knew he would be expected to serve twelve hours daily, and would receive for the service thus given $180. He must have known that his employer understood and expected that the compensation would pay for the entire service for the month. Each party was free at any time to terminate the employment. There is no contention that any part of the stipulated $180 monthly was unpaid.

The fundamental requisite of a contract is a meeting of minds of the parties to be bound by it. The evidence of such meeting of minds may be afforded by writings, by words spoken, or by a course of conduct. The acts of the parties may be such as to establish, quite as conclusively as the most formal and solemn instrument of writing, that there was such a meeting of minds between the parties.

If these parties had agreed in writing that the service should be twelve hours daily, and the pay therefor $180 a month, or should be at the rate of $120 a month for an eight-hour day, and $180 a month for a twelve-hour day, it could not more definitely appear that such was the contract, than does appear from the fact that appellant, for more than six years, worked twelve hours daily for this employer, and received therefor $180 for each month worked. From this long uniform practice there is no room for any other conclusion than that the minds of the parties met on an undertaking by appellant to serve twelve hours daily, and appellee to pay in full for such twelve hours of daily service $180 each month.

In each of the cases last above cited there was present the element of long-continued service, at a specified wage, for longer hours than the statutory time fixed for a day's service; and in each of them the court declared there could be no recovery for the overtime.

876

The District Court properly sustained the demurrer to the declaration, and its judgment is affirmed.