Thomas Mitchell, Appellee, v. City of Chicago, Appellant.

Gen. No. 33,853.

Heard in the third division of this court for the first district at the October term, 1929. Opinion filed December 10, 1930.

SAMUEL A. ETTELSON, Corporation Counsel and FRANCIS J. VURPILLAT, Assistant Corporation Counsel, for appellant.

JOHN J. SONSTEBY and JOSEPH J. BERZIN, for appellee.

MR. JUSTICE HEBEL delivered the opinion of the court.

The claim of the plaintiff is for 5385¾ hours overtime services rendered as a laborer for the defendant, the City of Chicago, from the first day of August, 1923, to the first day of September, 1927, when the plaintiff was discharged, which overtime is over and above the eight hours constituting a day's work, and the total of said excess time is to be paid for at 1½ times the daily wage earned; that during the time he was employed there was in full force and effect an ordinance of the City of Chicago, sections 3276 and

3277, entitled, "Hours of Labor," which provides that eight hours of labor between eight o'clock a. m. and five o'clock p. m. shall be and constitute a day's work for all employees performing manual labor for the City. The ordinance in part is as follows:

"Provided, however, that in all cases of necessity or emergency, superintendents, foremen or others in authority are hereby authorized to work their employees such number of hours as such necessity or emergency may require; but for all labor performed in excess of eight·hours in any one day, such laborer or employee shall be entitled to and shall receive pay at the rate of time and one-half for all such labor performed, except in those employments where there is an established scale of wages and hours which is usually and customarily paid for such excess time by employers generally within the city for like services, in which event such labor in excess of eight hours in one day shall be paid for according to the wage scale, hours and conditions so established."

This case was tried in the municipal court, and from the evidence heard in support of plaintiff's amended statement of claim and defendant's affidavit of merits, the trial court found the issues for the plaintiff and entered judgment for the sum of $8,475.39 and costs, from which judgment the defendant appealed to this court.

The plaintiff was employed by the defendant as a laborer and assigned to act as watchman for the defendant at the 45th Ward City Yard; his hours of service were from 4 o'clock in the afternoon to 6 o'clock in the morning, when the relief man came and he was relieved from further duty. He continued to work seven days each week from the time he entered the service on August 1, 1923, until September 1, 1927, excepting the time he was allowed for a vacation in each year.

There is some conflict as to the kind of service rendered by the plaintiff in addition to his work as watchman, but the facts are not controverted that he received his pay for the services rendered and accepted the amount allowed and finally when he retired from the City service he received and accepted the final payment from the City. It does not appear from the record that he objected at any time that the amount allowed and paid to him by the City was not correct.

It appears from the evidence that the plaintiff talked with a Mr. Stanton, who was in charge of the Yard in 1925; that Stanton told the plaintiff that the union was going to try to get the eight-hour system. The only other evidence on that point is the eight-hour ordinance. It further appears from the evidence in this case that the plaintiff was satisfied to do the work from 4 o'clock in the afternoon until 6 o'clock the next morning. The fact that the plaintiff worked more than eight hours a day would not entitle him to recover extra compensation under said ordinance, in the absence of an agreement. The facts in this case clearly indicate that it was not contemplated by the parties that the plaintiff was to be paid for time in excess of eight hours of work. The plaintiff voluntarily worked more than eight hours a day, accepted the pay, and at no time during the four years or more of service, claimed pay, or made demand for pay, for extra time. If he did not want to work more than eight hours he should have refused, or, as a condition, should have insisted that if he did so he should be paid for the extra time. It also appears from the evidence that the plaintiff was satisfied with the work he was doing, and, so far as the record discloses, never objected to, nor claimed pay for overtime services, until he started a suit against the City of Chicago almost a year after he was discharged.

In the case of *Sanitary District of Chicago v. Burke,* 88 Ill. App. 196, in passing upon the appellant's claim for extra compensation for services in excess of eight hours, which constitute a day's work, and the application of the eight hours a day statute to the facts, the court said:

"But aside from the section referred to, the mere fact that appellee worked more than eight hours a day would not entitle him to recover extra compensation under said act, in the absence of an agreement therefor. A laborer whose employment comes within the terms of the statute may refuse to work more than eight hours a day at his option, or insist as a condition precedent, if he does so work, that he shall be paid for the extra time. But the mere fact that he has voluntarily worked more than eight hours a day does not of itself authorize a demand for extra compensation under the act in question, unless it should also appear that extra compensation was agreed upon, or was reasonably within the contemplation of the parties at the time. *Brooks v. Cotton,* 48 N. H. 50; *Luske v. Hotchkiss,* 37 Conn. 219. In this case it is clear that extra compensation was not contemplated by either party."

In the case of *County of Christian v. Merrigan,* 191 Ill. 484, the court says:

"Moreover, if the eight-hour statute applied, appellee performed the services required of him each day without any agreement (even if there could be such agreement in such a case) that he should be paid for extra time. In the absence of such an agreement or contract no recovery could be had for extra time employed over eight hours during the same day. (10 Am. & Eng. Ency. of Law,—2d ed. — 463; *Luske v. Hotchkiss,* 37 Conn. 219.) We are of the opinion that the *per diem* required by the statute to be paid for the time actually employed was only for one day in each twenty-four hours."

It is indeed strange that the plaintiff remained silent during the years of service and then only after he was discharged did he assert a claim for extra compensation. That fact creates a doubt as to the reasonableness of his claim. He should have asserted his claim for compensation at the first opportunity and not have waited, as he did in this case. There was no need of secrecy in postponing his claim for the compensation.

For the reasons expressed in this opinion, it was error for the trial court to enter judgment for the sum of $8,475.39 in favor of the plaintiff and against the defendant. The judgment of the municipal court is reversed, with a finding of fact.

*Judgment reversed with a finding of fact.*

WILSON, P. J., and FRIEND, J., concur.

Finding of fact: We find that there was no agreement, express or implied, between the parties for the extra compensation sued for. The clerk will enter the finding as a part of the judgment.