(No. 2248— ▮▮▮▮▮▮)

STEPHEN O. TRIPP, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 9, 1937.*

Claimant, pro se.

OTTO KERNER, Attorney General; CARL DIETZ AND JOHN KASSERMAN, Assistant Attorneys General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Claimant was formerly an Assistant Quarter Master General in the Military and Naval Department of the State of Illinois, and herein makes claim for Two Hundred Eight ($208.00) Dollars, representing one-half month's salary claimed to be due for the period of two weeks for a vacation

period during the year 1932-1933, to which plaintiff claims he was entitled. In his claim he avers that he did not receive a vacation during said period due to the fact that his work at that time was such that his absence from the office was not practicable; that having been entitled to a vacation which he did not receive he is entitled to an additional two weeks' pay.

The Attorney General has filed a motion to dismiss the claim as it fails to state any legal cause of action against the State.

The Civil Administrative Code contains the following provision, upon which claimant relies, i. e.:

"Each employee in the several Departments shall be entitled during each calendar year to fourteen days leave of absence with full pay."
    *Sec. 22, Civil Administrative Code.*

We do not believe that the Civil Administrative Code is applicable to the Military Department, and even if it were so construed, claimant herein would not have an allowable demand on the facts stated. In the case of *Sanitary Dist. of Chicago* vs. *Burke,* 88 Ill. App. 196, a laborer had worked overtime and sought additional pay therefor. The court there held that, "The mere fact that the employee has voluntarily worked more than eight hours a day does not of itself authorize a demand for extra compensation, unless it should also appear that extra compensation was agreed upon or was reasonably within the contemplation of the parties at the time."

In *Crooker* vs. *Sturgis,* 175 N. Y. 158 in passing upon a demand for additional pay because of a vacation period which had not been availed of by the plaintiff, the court held, "A vacations is a personal privilege that can be waived."

It does not appear in the complaint herein that any request for a vacation was ever made by claimant, or such vacation denied to him. It does appear that his employment by the State was terminated upon a summary notice, but the complaint fails to show any ground upon which an additional amount of compensation over the regular wages received by him, could now be allowed.

The motion of the Attorney General to dismiss is granted and the claim dismissed.